COOKS, J.,
concurs in part and dissents in part.
l iThe majority finds no manifest error in the trial court’s finding that Plaintiffs enjoy good title to the property and that defendant has not acquired title by any means including thirty year acquisitive prescription. I fully agree with this portion of the majority’s opinion. The majority also finds that Plaintiffs are only entitled to treble damages based on the fair market value of the timber cut and removed from their property along with attorney fees and that they are not entitled to the trial court’s award for cost of restoration. While I agree that Plaintiffs are entitled to treble damages and attorney fees for Defendant’s bad faith removal of their timber, I do not agree with the majority’s decision limiting Plaintiffs’ recovery to these statutory damages and I must, therefore, dissent in part.
Plaintiffs’ property has been left in an unusable condition covered with tall stumps which remain after the bad faith, wrongful removal of trees by Defendant. Plaintiffs’ have suffered far more in damages than the mere fair market value of the |2timber unlawfully removed. I do not believe the legislature intended to limit Plaintiffs’ recovery for damages to only recovery for the timber unlawfully removed. Louisiana Revised Statutes 3:4281.1 provides a remedy for the valuation of the trees as timber removed unlawfully and assesses a punitive penalty for Defendant’s intentionally tortious action which includes the recovery of attorney *46 fees and expert fees. Nothing in the language of the statute limits or bars Plaintiffs’ recovery for damages other than the loss of the trees which Plaintiffs’ may incur as a result of Defendant’s trespass upon Plaintiffs’ property. As Justice Weimer wrote in his concurrence in Hornsby v. Bayou Jack Logging, 04-1297 (La.5/6/05), 902 So.2d 361, 372 (La.2005):
Pursuit of treble damages for the fair market value of the timber pursuant to LSAR.S. 3:4278.1 did not preclude plaintiffs from the right to pursue damages such as mental anguish or damage to the property itself (i.e. damage to ditches, drainage, fences) which they may have sustained because of the unauthorized cutting of the trees.
In Otwell v. Diversified Timber Services, Inc., 04-924 (La.App. 3 Cir. 1/26/05), 896 So.2d 222, writ denied 05-467 (La.4/22/05), 899 So.2d 575, our court awarded general damages for loss of use to plaintiffs in that timber trespass suit in addition to statutory treble damages and attorney fees. One of the plaintiffs in Otwell merely enjoyed a usufruct over the property but our court found he was entitled to general damages of $4200.00 for his loss of use of the property. Mrs. Sanders was also awarded general damages in the amount of $1800.00 for her loss of use of the property.
lain Roman Catholic Church of Archdiocese of New Orleans v. Louisiana Gas Serv. Co., 618 So.2d 874, 876 (La.1993) (emphasis added) (citations omitted), the Louisiana Supreme Court set forth the fundamental legal precepts in Louisiana regarding full indemnification for damages sustained as a result of the fault of another and the Constitutionally protected “Right to Property”:
Every act of man that causes damage to another obliges him by whose fault it happened to repair it. La.Civ.Code art. 2315. One injured through the fault of another is entitled to full indemnification for damages caused thereby. In such a case, ‘[t]he obligation of defendant ... is to indemnify plaintiff-to put him in the position that he would have occupied if the injury complained of had not been inflicted on him.’
Consequently, “[w]hen property is damaged through the legal fault of another, the primary objective is to restore the property as nearly as possible to the state it was in immediately preceding the damage ...”
[]
These basic precepts have been reaffirmed and strengthened indirectly by the Declaration of the Right to Property of our state constitution. Article I, Section 4 of the Louisiana Constitution of 1974, in pertinent part, provides:
“Every person has the right to acquire, own, control, use, enjoy, protect, and dispose of private property.... Property shall not be taken or damaged by the state or its political subdivisions except for public purposes and with just compensation paid to the owner or into court for his benefit ...”
Thus our constitution does not simply require that the owner of condemned or damaged property be compensated with the market value of the property taken and severance damage to his remainder, but that he be “compensated to the full extent of his loss’ and ‘placed in as good a position pecuniarily as [he] enjoyed prior to the taking.” Accordingly, justice, reason, and the principle of full reparation of Louisiana Civil Code article 2315 require that where an individual’s property is damaged unlawfully by a tortfeasor for no good reason, he be compensated at least as fully as when his property is damaged by the [4state for a public purpose pursuant to the *47 owner’s obligation of citizenship to the community.
I do not believe the legislature intended to abrogate these fundamental precepts of property rights in enacting La.R.S. 8:4281.1. It should not be applied so as to limit plaintiffs’ full recovery for all of their losses to the treble damages plus attorney fees calculated on the fair market value of the trees as timber wrongfully cut. The statute is clearly punitive in nature and sets forth punitive damages for a defendant’s bad faith behavior for the loss of the timber. Hornsby, 902 So.2d at 369. Nowhere does the statute limit or deny plaintiffs recovery of any other general damages to which they may be entitled, recovery for which is the only means to make these Plaintiffs whole.
Additionally, if Defendant faces only the payment of the fair market value of the timber cut, plus treble damages and attorney fees, this case demonstrates that the amount of such damages does little to discourage the intentional, bad faith, tortious destruction of a plaintiffs property by a willful defendant. The Defendant in this case was told to stop cutting the trees but willfully proceeded to cut the timber and leave Plaintiffs’ property in a deplorable condition. I believe the majority’s decision sends the wrong message to the people of this state, i.e. that plaintiffs faced with a similar scenario can only protect their property from eminent destruction/desecration by threat of force against the illegal trespasser rather than rely on our courts to resolve such disputes. When Defendant was told not to cut the trees because they were on Plaintiffs’ property, Defendant could and should have proceeded to court if they truly |sbelieved they were the rightful owner of the disputed property. Instead, they proceeded to decimate Plaintiffs property and get what they wanted to get for their use. Defendants willfully deprived Plaintiffs of their constitutional right to “own, control, use, enjoy, protect, and dispose of’ their property and the limited award proposed by the majority falls far short of full compensation for these Plaintiffs’ loss and is an insufficient deterrent to stop such behavior in the future. Plaintiff is an elderly lady who in all probability cannot live long enough to allow nature to return her property to the state in which she was enjoying it before Defendant’s willful trespass. This simply cannot be what the legislature intended. Such intent runs afoul of our citizens’ constitutional property rights and our fundamental precepts of full compensation for a loss occasioned by the fault of another.
Because the trial court awarded what it called restoration damages it did not make an award for any other general damages. I believe this case should be remanded in part to the trial court for a determination of an amount of general damages for loss of use and for any other general damages to which Plaintiffs may be entitled, including removal of the stumps. I respectfully dissent from that portion of the decision which limits Plaintiffs’ recovery and leaves Plaintiffs without full compensation for their loss.